UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| EUGENE H. MATHISON, | |
| | CIV 15-4159 |
| | CIV 15-4167 |
| Petitioner, | |
| | |
| | MEMORANDUM OPINION |
| | AND ORDER |
| vs. | |
| | |
| UNITED STATES OF AMERICA | |
| | |
| Respondent. | |

FILED SEP 27 2016

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Eugene H. Mathison moves for a Writ of Error Coram Nobis in *United States v. Mathison*, CR 96-40122 and *United States v. Mathison,* CR 96-40048. In both petitions, Mr. Mathison requests that the Court issue the common law writ of coram nobis to vacate his convictions and sentences which he argues were obtained in violation of his Fourth Amendment right to be free from unreasonable search and seizure and his Sixth Amendment right to effective assistance of counsel. In response to both petitions, the Government has filed motions to dismiss and Mr. Mathison has filed a response to each motion. The Court has consolidated both petitions and for the following reasons both petitions will be denied.

## PROCEDURAL BACKGROUND

In February of 1997, Mr. Mathison was convicted of thirteen counts of tax evasion and was sentenced to 21 months imprisonment, followed by three years of supervised release, and $51,019.85 in restitution. CR 96-40122. In June of 1997, Mr. Mathison was convicted of sixty-one counts of mail fraud, wire fraud, money laundering, conspiracy, and engaging in monetary transactions in property derived from specified unlawful activity. CR 96-40048. Mr. Mathison was sentenced to a total term of 246 months, followed by three years of supervised release, and

$1,319,714.20 in restitution. Mr. Mathison appealed both criminal convictions. In July of 1998, the Eighth Circuit affirmed Mr. Mathison's conviction and sentence in CR 96-40122, the tax case, stating, in part:

> Mathison raises numerous issues relating to a search warrant affidavit. However, he did not file a motion to suppress or object to evidence based on an illegal search. Moreover, he challenged the search warrant in another criminal case resulting in convictions that are presently on appeal before us. We thus decline to consider the search warrant issues Mathison raises here, except to the limited extent we summarily reject his argument that the affidavit was improper for lack of any allegations that he tried to interfere with the assessment of the amount of tax due.
>
> Last, we note Mathison's claims of ineffective assistance of counsel are more properly raised in proceedings under 28 U.S.C. § 2255.

*United States v. Mathison*, 162 F.3d 1165 (8th Cir. 1998) (citation omitted). In September of 1998, Mr. Mathison's conviction and sentence in CR 96-40048, the fraud case, were affirmed by the Eighth Circuit. *United States v. Mathison*, 157 F.3d 541 (8th Cir. 1998), *reh'g and suggestion for reh'g en banc denied* (Oct. 15, 1998).

Mr. Mathison then sought post-conviction relief. In November of 1999, Mr. Mathison, in regard to CR 96-40122, filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. CIV 99-4208, Doc 1. In his petition, Mr. Mathison argued that his retained counsel was incompetent and that he received ineffective assistance of counsel during trial. Upon recommendation by Magistrate Judge Marshall Young, United States District Judge Battey denied Mr. Mathison's petition. Doc. 83. In April of 2000, Mr. Mathison, in regard to CR 96-40048, Mathison filed a similar motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. CIV 00-4055, Doc. 5. Judge Battey, again upon recommendation of Magistrate Judge Young, denied the petition on the basis that it was barred by the one-year statute of limitations, and denied a certificate of appealability. Doc. 40. The Eighth Circuit also denied an application for a certificate of appealability and dismissed Mr. Mathison's appeal from the denial of his § 2255 motion. Doc. 45.

In June and July of 2001, Mr. Mathison filed his second set of 28 U.S.C. § 2255 motions. CIV 01-4143; CIV 01-4153. In both petitions, Mr. Mathison argued that new evidence had been discovered during July 2000, which could not have been discovered earlier. CIV 01-4143, Doc.

1; CIV 01-4153, Doc. 1. In CIV 01-4143, this Court denied the motion and denied a certificate of appealability. Doc. 16 at 9. In CIV 01-4153, Judge Battey adopted the findings and recommendations of Magistrate Judge Young and dismissed the motion without prejudice. Doc. 7 at 2. In so holding, Judge Battey found that "Mathison raised the same issue twice in successive petitions." Doc. 7 at 1. Mr. Mathison submitted an application for a certificate of appealability to the Eighth Circuit and the Eighth Circuit construed this request as a motion for authorization to file a successive § 2255 motion. The Eighth Circuit then concluded that Mr. Mathison's failure to comply with the certification requirements for a successive § 2255 motion required a remand with directions to dismiss the § 2255 motion for lack of jurisdiction. This Court then entered an order vacating its judgment denying relief and dismissed the case for lack of jurisdiction. CIV 01-4143, Doc. 28.

In May of 2003, Mr. Mathison filed a third motion under 28 U.S.C. § 2255 attacking his convictions and sentences in both CR 96-40122 and CR 96-40048. CIV 03-4139, Doc. 1. In his petition, Mr. Mathison argued that the "numerically third § 2255 is based [on] new evidence that proves Petitioner's claim from May 26, 1995, that Magistrate Frank Gibbs was acting in anger when he issued the warrant to search and seize Petitioner's office and property." Doc. 1 at 5. This Court dismissed his motion without prejudice based on Mr. Mathison's failure to seek and receive an order from the Eighth Circuit authorizing this Court to consider a successive § 2255 motion. Doc. 4. The Eighth Circuit then denied Mr. Mathison's application for a certificate of appealability in the § 2255 action. Doc. 13.

In August of 2005, Mr. Mathison filed a motion under FED. R. CRIM. P. 60(b)(6) for relief from the Order denying his first § 2255 motion. CIV 00-4055, Doc. 53. This motion was denied. Doc. 57. In July of 2006, the Eighth Circuit denied Mr. Mathison's petition for rehearing by panel on the matter as being untimely. Doc. 67. In January of 2008, in the District of Colorado, Mr. Mathison filed an application for a writ of habeas corpus pursuant to 29 U.S.C. § 2241. In this application, he challenged the validity of his 1997 convictions and sentences in the District of South Dakota. The application was denied and the action was dismissed because Mr. Mathison failed to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 was inadequate or ineffective. *Mathison v. Wiley*, 2008 WL 465294 (D.Colo., Feb. 15, 2008) (not reported in F. Supp. 2d), *aff'd*, 281 Fed.Appx. 845 (10th Cir., June 17, 2008). In

3

April of 2010, in the action in which his first § 2255 motion had been denied, Mr. Mathison filed a motion under FED. R. CRIM. P. 60(b)(4) for relief from a Judgment or Order due to it being void. Doc. 68. This motion was denied. Doc. 69. On July 2, 2010, Mr. Mathison filed a motion for reconsideration of that denial. Doc. 71. Judge Battey denied the motion. Doc. 76.

In May of 2009, Mr. Mathison filed a Petition for Writ of Audita Querela pursuant to 28 U.S.C. § 1651. CR 96-40048, Doc 551. In denying Mr. Mathison's petition, this Court found that "[t]he writ of audita querela cannot be invoked simply to enable a defendant to file what is in effect a § 2255 motion without complying with the rules governing such motions, or to file a second § 2255 without the requisite permission of the Court of Appeals." Doc. 562 at 5.

In January of 2014, Mr. Mathison was released on bail from his sentence and thereinafter began his supervised release. In January of 2015, Mr. Mathison was discharged from supervised release pursuant to a request for early termination granted by this Court. CR 96-40122, Doc. 138. In October of 2015, Mr. Mathison filed the present petitions again seeking to vacate his 1997 conviction.

## DISCUSSION

Under the All Writs Act, a federal court has the authority to "issue all writs necessary or appropriate in aid of [its] . . . jurisdiction[ ] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a); *see also Phillips Beverage Co. v. Belvedere, S.A.*, 204 F.3d 805, 806 (8th Cir. 2000). A writ of error coram nobis is a common law writ under 28 U.S.C. § 1651 which the Eighth Circuit treats as "'substantially equivalent' to habeas corpus relief[.]" *United States v. Camacho-Bordes*, 94 F.3d 1168, 1172 (8th Cir. 1996); *see also United States v. Morgan*, 346 U.S. 502, 505 n.4 (1954) (a motion for writ of coram nobis "is of the same general character as one under 28 U.S.C. § 2255."). While "[b]oth writs are used to challenge a conviction or sentence, the main difference . . . [is] that coram nobis relief is available when the defendant is no longer in custody for the applicable conviction, while custody is a prerequisite for habeas relief." *Camacho-Bordes*, 94 F.3d at 1172 n.6 (citing *United States v. Little*, 608 F.2d 296, 299 & n.5 (8th Cir.1979)); *see also United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (explaining that Eighth Circuit case law "clearly precludes coram nobis relief to a federal prisoner.").

A writ of coram nobis is an "extraordinary remedy" and should be granted "only under circumstances compelling such action to achieve justice" and to remedy errors "of the most fundamental character." *Camacho-Bordes*, 94 F.3d at 1173 (quoting *Morgan*, 346 U.S. at 511-12); *see also Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998) ("Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus."). A proceeding that is challenged under a writ of coram nobis "is presumed to be correct and the burden rests on the challenger to show otherwise." *Peterson v. Missouri*, 355 F. Supp. 1371, 1376 (W.D. Mo. 1973). In order to obtain coram nobis relief, therefore, "a petitioner must show a compelling basis" and "must articulate the fundamental errors and compelling circumstances for relief in the application for coram nobis." *Camacho-Bordes*, 94 F.3d at 1173 (quoting *Kandiel v. United States*, 964 F.2d 794, 797 (8th Cir.1992)).

In his petitions, Mr. Mathison argues that: (1) the search warrant issued by Federal Magistrate Frank Gibbs was defective because it was not issued by a neutral and detached magistrate; and (2) pretrial counsel, Mr. Robert Junso, failed to adequately investigate Judge Gibbs in order to file effective suppression motions.

Mr. Mathison's arguments are rejected. As stated previously, a writ of coram nobis is treated as "substantially equivalent" to habeas corpus relief. Therefore, similar to habeas corpus relief, federal courts need not entertain a petition for writ of coram nobis if a previous petition presented the same issues and the petition does not present any new grounds for relief. *See* 28 U.S.C. § 2244(a); *see also McCleskey v. Zant*, 499 U.S. 467 (1991) (holding that successive habeas corpus petitions could not be brought unless the petitioner could show "cause" for not presenting the issue in the first petition and "prejudice" to not having the successive petition heard). Here, the arguments raised by Mr. Mathison have been previously raised by him in both pretrial and post-trial motions.

Prior to his trial, Mr. Mathison's attorney, Mr. Junso, filed a motion to suppress evidence and argued in part that the search warrant was defective because Judge Gibbs was not neutral and detached as required under the Fourth Amendment. CR 96-40048, Doc. 31 at 3-4. This Court addressed this argument in a seven page Memorandum Opinion and Order stating,

5

> [D]efendant Mathison has not come forward with sufficient facts which would cause a reasonable person, knowledgeable about all the facts, to believe that Magistrate Judge Gibbs was unable to read the lengthy affidavit of Special Agent Reynolds and to impartially assess the existence of probable cause for the search warrant. This basis for suppression is denied.

CR 96-40048, Doc 38 at 5 (citation omitted).

Following conviction, Mr. Mathison filed three 28 U.S.C. § 2255 motions in which he argued both the validity of the search warrant and Mr. Junso's failure to investigate Judge Gibbs. While Mr. Mathison claimed in those motions that there was new evidence of Judge Gibbs' bias, there was no new evidence. Mr. Mathison primarily recycled his previous arguments in each successive motion.

Mr. Mathison in his Reply states, "The one-year limitation [for a habeas petition] expired, according to that Judge, on January 10, 2000, but the evidence upon which the Petition for Writ of Coram Nobis is based was not received until January 23, 2000. Prior to that, all it was was hearsay." CIV 15-4159, Doc. 13 at 3; CIV 15-4167, Doc. 6 at 4. The January 23, 2000 evidence is attorney Hoffman's Motion to Withdraw as Counsel for Eugene H. Mathison. CR 99-40137, Doc. 46. In that verified motion, attorney Hoffman states:

> Mr. Mathison produced documents and argument in CR. 96-40048 regarding a particular estate about which he has publicly asserted that Frank Gibbs immorally and greedily enriched himself while he was a partner in my law firm. The bias which Mathison attributes to Gibbs because of this criticism appears to be a center-piece of his defense in the case at bar, as well as his post conviction action relating to CR. 96-40048.

CR 99-40137, Doc. 46 at 4-5, filed 1/21/00.

Mr. Mathison then had documents in CR 96-40048 regarding his criticism of attorney Frank Gibbs as they related to Gibbs' duties as a part time magistrate judge. Hoffman's motion, quoted above, in its relevant part contains no new information. Thus the date of the Hoffman motion is not material. The Hoffman affidavit has no more force than Mathison's affidavit which was considered by the Eighth Circuit in denying Mr. Mathison's direct appeal from his conviction:

> Mr. Mathison argues in addition that the magistrate judges who issued the warrant under discussion and a subsequent one were not neutral and detached. In

6

connection with his suppression motion, Mr. Mathison filed an affidavit stating that, in the course of his business of holding seminars on living trusts, he criticized the way in which the magistrate judge who issued the first warrant had handled a probate case while that magistrate judge was in practice. We have held that a magistrate judge is neutral and detached if his or her impartiality cannot reasonably be questioned.

We agree with the trial court that Mr. Mathison has not alleged facts that could lead a reasonable person to believe that either magistrate judge was unable to assess impartially the existence of probable cause for the relevant search warrant. The record contains no evidence that the magistrate judge who issued the first warrant was actually aware of Mr. Mathison's criticisms. It may be that Mr. Mathison was not neutral and detached with respect to that magistrate judge, but one may not reasonably infer from this that the opposite was true. Mr. Mathison's claim that the magistrate judge issuing the second warrant also was not neutral and detached, moreover, amounts to nothing more than a vague and conclusory allegation.

*Mathison*, 157 F.3d at 548 (citation omitted).

The other portion of Mr. Mathison's claim for relief is the ineffective assistance of trial counsel. This claim deals with pre-trial matters as Mr. Mathison represented himself at trial. The ineffective assistance of counsel claim was considered by the Eighth Circuit in the direct appeal as opposed to waiting for the § 2255 habeas petition which never came in a timely filing. The Eighth Circuit stated:

Mr. Mathison raises numerous claims of ineffective assistance of counsel. While such claims must ordinarily be raised in a petition for postconviction relief, we believe that Mr. Mathison's claims in this instance are ripe for review because he raised them below and the trial court ruled on them. We reject all of them as without merit, but address in detail only the claim that Mr. Mathison's counsel was ineffective in not obtaining a *Franks* hearing in connection with Mr. Mathison's motion to suppress.

We have already held that Mr. Mathison's first motion for a *Franks* hearing was correctly denied because, among other things, he did not make a preliminary showing of deliberate or reckless untruthfulness by Mr. Reynolds that was sufficient to justify a hearing. Mr. Mathison later made a *pro se* motion for a *Franks* hearing that was insufficient for the same reason. While he asserts on appeal that his lawyer could have reasonably discovered certain additional facts that would have supported the original motion for a *Franks* hearing, those additional facts did not tend to show that Mr. Reynolds's alleged untruthfulness was deliberate or reckless. Mr. Mathison would thus not have been entitled to a *Franks* hearing even if his lawyer had discovered the facts that Mr. Mathison asserts should have been discovered. In our view, then, Mr. Mathison cannot

7

show prejudice from his lawyer's alleged shortcomings, and this claim of ineffective assistance must therefore fail.

*Mathison*, 157 F.3d at 551 (citation omitted).

Here, Mr. Mathison again uses previously raised arguments and fails to "show a compelling basis" or "articulate the fundamental errors and compelling circumstances . . ." as required for relief in an application for writ of coram nobis. *Camacho-Bordes*, 94 F.3d at 1173 (quoting *Kandiel v. United States*, 964 F.2d 794, 797 (8th Cir.1992)). As such, there is no basis for relief under a writ of coram nobis. Accordingly,

IT IS ORDERED:

1. That the Government's Motion to Dismiss (Doc. 11 in 15-4159 and Doc. 4 in 15-4167) are granted.
2. That Petitioner's motions for Writ of Error Coram Nobis (Doc. 7 in 15-4159 and Doc. 1 in 15-4167) are denied.
3. That Petitioner's Request that the Petition be Submitted for Decision (Doc. 15 in 15-4159 and Doc. 8 in 15-4167) are denied as moot.

Dated this 27th day of September, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: 
(SEAL)            DEPUTY

8